Filed 5/13/21  P. v. Montemayor CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F080488 |
| Plaintiff and Respondent, | (Super. Ct. No. F12906379) |
| v. | |
| JAIME LOU MONTEMAYOR, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Heather Mardel Jones, Judge.

Elisa A. Brandes, under appointment by the Court of Appeal, Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]       Before Peña, Acting P.J., Smith, J. and Meehan, J.

Appointed counsel for appellant Jaime Lou Montemayor asked this Court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Montemayor was advised of her right to file a supplemental brief within 30 days of the date of filing of the opening brief. Finding no arguable error that would result in a disposition more favorable to Montemayor, we affirm.

## BACKGROUND

On August 23, 2012, the Fresno County District Attorney's Office filed a criminal complaint against Montemayor alleging the following charges: forcible rape in concert (Pen. Code,[1] § 264.1, subd. (a), counts 1 & 6), oral copulation by acting in concert with force (§ 288a, subd. (d), counts 2 & 5), sexual penetration by force (§ 289, subd. (a)(1)(C), count 3). The complaint further alleged one count of forcible oral copulation (§ 288a, subd. (c)(2), count 4), but that charge pertained solely to Montemayor's codefendant.

On June 12, 2014, following continuances not herein relevant, the trial court granted Montemayor's request to represent herself pursuant to *Faretta v. California* (1975) 422 U.S. 806. Sometime thereafter, Montemayor withdrew her request and retained private counsel.

On October 1, 2014, following a preliminary examination hearing, Montemayor was held to answer on all counts alleged in the complaint.

On September 24, 2015, the People filed an amended information charging Montemayor as follows: child abuse (§ 273a, subd. (a), count 1); and lewd acts upon a child 14 or 15 years old (§ 288, subd. (c)(1), counts 2-7).

On this same date, Montemayor pled no contest to all counts pursuant to *People v. West* (1970) 3 Cal.3d 595. Defense counsel stated counts "[t]wo through [s]even are based on an aiding and abetting theory and we admit that there was aiding and abetting."

---

[1] All undefined statutory citations are to the Penal Code unless otherwise indicated.

2.

On December 12, 2019, following argument by the parties, the trial court sentenced Montemayor to an aggregate term of 10 years in state prison. Montemayor received the upper term of six years on count 1, and consecutive terms of eight months on counts 2 through 7, consisting of one-third the mid term. Montemayor was also ordered to pay various fines and fees imposed by the trial court.

On December 17, 2019, Montemayor filed a timely notice of appeal. Montemayor did not request a certificate of probable cause.

## DISCUSSION

Montemayor's appellate counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that Montemayor was advised she could file her own brief with this court. By letter on July 21, 2020, we invited Montemayor to submit a letter containing "any grounds on appeal that [she] want[ed] this court to consider." To date, she has not done so. After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment of conviction is affirmed.